```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

ANN ALEXANDER,

                  Plaintiff,

vs.                                  Case No.  2:12-cv-664-FtM-29UAM

SCHOOL DISTRICT OF CHARLOTTE COUNTY,
FLORIDA,

                  Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. #14) filed on March 13, 2013. Defendant filed a Response (Doc. #18) on March 18, 2013.

**I.**

On December 11, 2012, plaintiff Ann Alexander (plaintiff) filed a Complaint (Doc. #1) asserting claims based on racial and/or national origin discrimination, harassment, and retaliation against the School District of Charlotte County (defendant) pursuant to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act (FCRA) of 1992. Defendant responded to the Complaint by filing an Answer (Doc. #11) on January 16, 2013. Plaintiff now moves for a partial judgment on the pleadings.

**II.**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1291 (11th Cir. 2002) (quoting Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). When reviewing a motion for judgment on the pleadings, the court must view the facts in a light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). A judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts which would allow it to prevail. Palmer & Cay, Inc. v. Marsh & Mclennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005) (citations omitted).

### III.

Plaintiff contends that the Court should enter a partial judgment on the pleadings regarding the following factual and procedural elements of her claims: (1) plaintiff worked for an employer covered by Title VII and the FCRA; (2) plaintiff is a member of a protected class; (3) plaintiff engaged in activities protected by law; (4) plaintiff suffered one or more adverse employment actions; (5) plaintiff exhausted all administrative prerequisites to filing suit; and (6) plaintiff's claims are timely filed. (Doc. #14, pp. 7-8.) Defendant opposes the motion, arguing that the motion is improper because plaintiff does not seek judgment as to any claim. Defendant also contends that the

specific matters it admitted to have already been established. (Doc. #18, p. 2.)  The Court agrees with defendant.

A motion for a judgment on the pleadings is designed to dispose of a case or claims where the material facts are not in dispute and a judgment on the merits can be entered based on the substance of the pleadings.  Here, plaintiff is merely attempting to conclusively establish the non-contested elements of her claims to "significantly narrow the issues which remain to be litigated in this case."  (Doc. #14, p. 17.)  Defendant correctly asserts that the admitted facts have already been established, and it is neither necessary nor desirable to obtain a "judgment" acknowledging such admissions.   Because a judgment would simply acknowledge established facts and would not dispose of any claims in this case, plaintiff's Motion for Partial Judgment on the Pleadings is denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. #14) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of September, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record